UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILMINGTON PT CORP.,

Plaintiff,

v.

RANJIT KUMAR MITRA, JACOB MILTON, MOFAZZAL HOSSAIN, MAHMUDA BEGUM, CAPITAL ONE BANK (USA), N.A., and NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,

Defendants.

**MEMORANDUM AND ORDER**

24-CV-01830 (LDH) (MMH)

LASHANN DEARCY HALL, United States District Judge:

Wilmington PT Corp. ("Plaintiff") brings the instant action against Ranjit Kumar Mitra, Jacob Milton (together with Ranjit Kumar Mitra, "Individual Defendants"), Mofazzal Hossain, Mahmuda Begum, Capital One Bank (USA), N.A., and New York City Environmental Control Board, seeking to foreclose on the September 10, 2005 mortgage (the "Mortgage") as modified on January 6, 2023.[1] Plaintiff moves pursuant to Federal Rule of Civil Procedure 56 for summary judgment to dismiss the Complaint in its entirety.

[1] On June 17, 2026, Defendants Mahmuda Begum, Capital One Bank (USA), N.A., Mofazzal Hossain, New York City Environmental Control Board's defaulted pursuant to Federal Rule of Civil Procedure 55(a).

**UNDISPUTED FACTS**[2]

On September 10, 2005, Defendants, both residents of New York, executed a note (the "Note") in the amount of $83,790.00 to New Century Mortgage. (Pl.'s Local Civ. R. 56.1 Stmt. ("56.1 Stmt.") ¶¶ 1, 19, ECF No. 46-3; *see also* Aff. of John Ramer in Supp. of Pl.'s Mot. for Summ. Judg. ("Ramer Aff.") Ex. A at 1, ECF No. 46-5.) Defendants also executed and recorded the Mortgage encumbering 178-29 Eveleth Road, Jamaica, NY 11434 (Block 12490, Lot 37) to secure repayment of the Note. (56.1 Stmt. ¶ 2; Ramer Aff. Ex. B, ECF No. 46-5.) Countrywide Home Loans, Inc. assigned the Mortgage to Stronghold Servicing, LLC on July 6, 2007. (56.1 Stmt. ¶ 4; Ramer Aff. Ex. C at 16, ECF No. 46-5.) On October 7, 2015, Countrywide Home Loans, Inc. assigned the Mortgage to Newport Beach Holdings, LLC on October 7, 2015. (*Id.*) Newport Beach Holdings, LLC then assigned the Mortgage to Trinity Financial Services on May 15, 2018, who then assigned the Mortgage to Plaintiff on October 10, 2018. (*Id.*)

On April 3, 2019, Plaintiff filed a separate action against Defendants which resulted in the entry of a judgment of foreclosure and sale. (56.1 Stmt. ¶¶ 7-9; *Wilmington PT Corp. v. Mitra et al.*, No. 19-CV-1904, 2021 WL 2333554, at *1 (E.D.N.Y. June 7, 2021).) Prior to the foreclosure sale, Defendant Mitra filed for Chapter 7 bankruptcy protection. (56.1 Stmt. ¶ 10; Ltr., *Wilmington PT Corp. v. Mitra et al.*, No. 19-CV-1904 ("2019 Foreclosure Action"), ECF No. 45.) Plaintiff and Defendants subsequently entered into a Loan Modification Agreement on January 6, 2023. (56.1 Stmt. ¶ 12; Ramer Aff. Ex. D, ECF No. 46-5.) Under the Loan Modification Agreement, Defendants' Mortgage balance increased to $155,000.00. (*Id.*) As a result of the Loan Modification Agreement, Plaintiff voluntarily dismissed the prior action on October 16, 2023. (*See* Not. Dismissal, 2019 Foreclosure, ECF No. 48.)

[2] The following facts are taken from the Plaintiff's undisputed statement of material fact pursuant to Local Rule 56.1 and the annexed exhibits. While Defendants Mitra and Milton each submitted Counterstatements of Material Facts,

After Defendants failed to make payments as required under the Loan Modification Agreement, beginning in July 2023, Plaintiff filed a Default Notice and a 90-Day Notice on October 27, 2023. (56.1 Stmnt. ¶ 14; *see also* Ramer Aff. Ex. F, ECF No. 46-5.) Plaintiff filed the instant action on March 12, 2024. (*Id.* ¶ 15; *see also* Compl., ECF No. 1.)

**STANDARD OF REVIEW**

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant[s] are entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The movants bear the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 23 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). Where the non-movant bears the burden of proof at trial, the movants' initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim. *Celotex Corp.*, 477 U.S. at 325. Once the movants meet their initial burden, the non-movant may defeat summary judgment only by producing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 250; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). The Court must believe the evidence of the non-movant and draw all justifiable

---

(Def. Mitra's Counterstatement of Mat. Facts, ECF No. 45-5; Def. Milton's Counterstatement of Mat. Facts, ECF No. 44-4), the statements are not "followed by citation to evidence" as required by Local Rule 56.1(c). In such circumstances where "there are no[] citations . . . in the [Rule 56.1] Statements, the Court is free to disregard the assertion." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) (internal quotation and citation omitted). "If the opposing party [] fails to controvert a fact so set forth in the moving party's Rule 56.1 [S]tatement, that fact will be deemed admitted." *Giannullo v. City of N.Y.,* 322 F.3d 139, 140 (2d Cir. 2003) (citing Local Rule 56.1(c)). Even so, the Court must look to and be "satisfied that the citation to evidence in the record supports" the moving party's factual assertions. *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Giannullo v. City of N.Y.,* 322 F.3d 139, 143 n.5). Accordingly, the Court, having been satisfied by the record of the following, deems these facts as uncontroverted.

inferences in his favor, *Anderson*, 477 U.S. at 255, but the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts, *see BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996).

**DISCUSSION**

## I. Jurisdiction

### A. Lack of Service and Personal Jurisdiction

In opposition to Plaintiff's motion for summary judgment, Defendants argue that as a threshold matter, the Court lacks personal jurisdiction over them because they were not properly served. (Def. Milton's Mem. Law Opp'n Pl.'s Mot. Summ. J. ("Milton Opp'n") ¶¶ 23-24, ECF No. 44; Def. Mitra's Mem. Law Opp'n Pl.'s Mot. Summ. J. ("Mitra Opp'n") ¶¶ 23-24, ECF No. 45.) Plaintiff argues that Defendants' arguments fail because this defense was not raised in Defendants' responsive pleadings. (Pl.'s Reply Mem. in Further Supp. Mot. for Summ. J. ("Pl.'s Reply") at 7, ECF No. 47.) The Court agrees with Plaintiff. It is axiomatic that "a defense of insufficient service of process is waived if it is not asserted by motion under Fed.R.Civ.P. 12 or in the party's responsive pleading." *Orix Fin. Servs., Inc. v. Cline*, 369 F. App'x 174, 177 (2d Cir. 2010) (summary order) (citing Fed. R. Civ. P. 12(h)(1); and then *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1095 (2d Cir 1990)). Defendants did not assert lack of service as a defense in their answers, (Milton Ans., ECF No. 14; Mitra Ans., ECF No. 15), and did not file any motion under Rule 12 of the Federal Rules of Civil Procedure. Thus, Defendants' have waived any arguments relating to service.

### B. Colorado River Abstention

Defendants next seek to avoid the Court's determination on Plaintiff's motion by urging the Court to exercise its discretion to abstain in the instant action pursuant to the abstention

doctrine established in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).[3] (Mitra's Opp'n ¶¶ 17-18; Milton's Opp'n ¶¶ 17-18.) The Court declines to do so.

Under *Colorado River*, "a federal court may abstain from exercising jurisdiction when parallel state-court litigation could result in comprehensive disposition of litigation and abstention would conserve judicial resources." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (internal quotation marks omitted). For *Colorado River* abstention to apply, the federal and state proceedings must be parallel. *Dittmer v. Cnty. Of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998). Federal and state proceedings are parallel when "substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Niagara Mohawk Power Corp.*, 673 F.3d at 100 (quoting *Dittmer*, 146 F.3d at 118). Notably, the Supreme Court has instructed that abstention "is an extraordinary and narrow exception" to the Court's jurisdiction. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). Accordingly, the "balance heavily weight[s] in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 16 (1983).

In this case, Defendants maintain that two state court cases, *Mitra v. 21st Mortgage Corp., et al.*, 715110/2019 (Sup. Ct. Queens Cnty. 2019) ("*Mitra I*") and *Mitra v. 21st Mortgage Corp., et al.*, 719120/2019 (Sup. Ct. Queens Cnty. 2019) ("*Mitra II*"), are parallel proceedings that warrant abstention. Defendants are correct, but only in part. In *Mitra I*, the Supreme Court

[3] Plaintiff also argues, without any citation for support, that the Court cannot consider Defendant's abstention defenses as they were raised for the first time in Defendants' oppositions to Plaintiff's motion. (Pl.'s Reply at 6.) The Court disagrees. Because abstention is not an affirmative defense, Defendants need not have pleaded abstention in their Answers. *See E. Sav. Bank v. Bowen*, No. 13-CV-3633, 2016 WL 2888997, at *6 n.9 (E.D.N.Y. May 17, 2016) ("[T]he doctrine of abstention . . . [does not] constitute[] an affirmative defense."); *see also Sussman v. New York City Health & Hosps. Corp.*, No. 94-CIV-8461, 1997 WL 334964, at *16 n.8 (S.D.N.Y. June 16, 1997) (deciding defendants' defense that was raised for the first time in a motion for summary judgment where, in part, the Federal Rules of Civil Procedure did not require the defense be raised in the answer or in the motion to dismiss).

for Queens County granted defendants' motion for summary judgment and dismissed Plaintiffs' complaint in its entirety. (Order on Motion, *Mitra I*, Dkt. No. 140 (N.Y. Sup. Ct. Queens Cnty. 2019).) Thus, *Mitra I* is not a parallel proceeding and so is a basis for *Colorado River* abstention because it is no longer a concurrent state proceeding. *See 192 Morgan Realty, LLC v. Aquatorium, LLC*, No. 20CV3627, 2022 WL 123567, at *5 (E.D.N.Y. Jan. 13, 2022) (finding that *Colorado River* abstention was improper where no state court proceeding was pending).

Plaintiff argues that *Mitra II*, too, is not parallel to the instant case. Specifically, Plaintiff argues that *Mitra II* is not parallel to the instant case because "there is no indication that [*Mitra II*] involves the loan or property at issue in this case, the Note, the Mortgage, or the Loan Modification Agreement." (Pl.'s Reply at 6.) Plaintiff is simply wrong. The complaint in *Mitra II* concerns the property at 178-29 Eleventh Road, Jamica Queens—the same property at issue in the instant case. (*See* Compl., *Mitra II*, Dkt. 1 (N.Y. Sup. Ct. Queens Cnty. 2019).) *Mitra II* also pertains to the same Mortgage and Note at issue in the instant case. (*Compare* Ramer Aff. Exs. A-B, ECF No. 46-5 *with* Exs., *Mitra II*, Dkt. 18-19 (N.Y. Sup. Ct. Queens Cnty. 2019).) Plaintiff's characterization that Mitra II that is based on "generalized allegations of credit-reporting and collection misconduct" also misses the mark. (Pl.'s Reply at 7.) The complaint in *Mitra II* makes clear that the case pertains to allegations that defendants' fraudulently induced plaintiffs to purchase the Mortgage without providing plaintiffs good title to the Property. (Compl. ¶¶ 18-69, *Mitra II*, Dkt. 1 (N.Y. Sup. Ct. Queens Cnty. 2019).) Thus, *Mitra II* seeks to challenge the Mortgage and the validity of the Mortgage assignments. (*See id.*) The instant action and *Mitra II* are parallel. *See Krondes v. Nationstar Mortg., LLC*, No. 17-CV-4974, 2018 WL 2943774, at *3 (S.D.N.Y. June 12, 2018) (finding state and federal actions were parallel where the state action sought foreclosure and the federal action sought to invalidate the mortgage

and subsequent assignments), *aff'd*, 789 F. App'x 913 (2d Cir. 2020); *see also Potente v. Cap. One, N.A.*, No. 16-CV-3570, 2018 WL 1882848, at *3-5 (E.D.N.Y. Apr. 19, 2018) (same). This conclusion does not end the Court's inquiry, however. Even where proceedings are parallel, court must also engage in a six-part inquiry to determine whether abstention under *Colorado River* is appropriate:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (internal citations omitted). Although the instant action and the federal action are parallel, the six factors do not warrant abstention. Because the instant case is a foreclosure action, it is an *in rem* proceeding. *See F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999) ("A foreclosure action is an in rem proceeding." (citation omitted)) (collecting cases). "The Supreme Court has recognized that 'in cases where a court has custody of property, that is, proceedings *in rem* or *quasi in rem* . . . the state or federal court having custody of such property has *exclusive* jurisdiction to proceed.'" *Id.* (emphasis in original) (quoting *Donovan v. City of Dallas*, 377 U.S. 408, 412 (1964)). In such cases, the "first prong of the *Colorado River* analysis is dispositive." *Id.* Therefore, this Court should not abstain from this action because it is *in rem* proceeding. Accordingly, the Court does not reach the other prongs of the *Colorado River* analysis and finds that abstention would be improper.

**C. Standing**

Finally, Defendants seek to defeat jurisdiction in this case by arguing that Plaintiff lacks standing. (Milton Opp'n ¶¶ 19-20; Mitra Opp'n ¶¶ 19-20.) "A plaintiff establishes standing in a foreclosure action by demonstrating that it was 'either the holder or assignee of the underlying note' at the time the foreclosure action was commenced" through "demonstrat[ing] that it was the holder of the note by attaching to its Complaint the note and an allonge endorsing it as payee." *1077 Madison St., LLC v. Daniels*, 954 F.3d 460, 463–64 (2d Cir. 2020) (citing *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016)). As attachments to its Complaint, Plaintiff includes the note and an allonge endorsing it as the payee. (Compl. Ex. C, ECF No. 1-1.) Thus, Plaintiff has demonstrated that it is the note holder. *See 1077 Madison Street, LLC*, 954 F.3d at 464. Defendants solely argue that there are genuine issues of material fact pertaining to the Note and Mortgage's chain of title. (Milton Opp'n ¶¶ 19-20; Mitra Opp'n ¶¶ 19-20.) The Court need not address Defendants' arguments attacking the note's chain of title. *1077 Madison Street, LLC*, 954 F.3d at 464 n.1 (declining to address defendant's argument attacking the note's chain of title once Plaintiff attached the note and an allonge endorsing it as the payee to the complaint); *see also OneWest Bank, N.A.*, 827 F.3d at 222-23 ("[T]he New York State Court of Appeals noted that '[a]lthough the better practice would have been for [the plaintiff] to state how it came into possession of the note in its affidavit to clarify the situation completely,' the plaintiff was not precluded from obtaining summary judgement by not having provided these details." (quoting *Aurora Loan Servs., LLC v. Taylor*, 25 N.Y.3d 355, 362 (2015)) (second and third alterations in original). Thus, Plaintiff has established its standing

## II. Plaintiffs have made out a *prima facie* case

Having established standing, the question is whether Plaintiff has made out a *prima facie* case. For a lender to make a *prima facie* showing that it is entitled to summary, the lender must prove "the existence of an obligation secured by a mortgage, and a default on that obligation." *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997) (citation omitted). Here, Defendants do not dispute, and thus concede, the existence of an obligation secured by a mortgage and their default on that obligation. *See Triodetic Inc. v. Statute of Liberty IV, LLC*, 582 F. App'x 39, 40 (2d Cir. 2014) (arguments not raised in opposition to a motion for summary judgment are waived). Even if Defendants raised such arguments, Plaintiff here has clearly provided the Court sufficient evidence to find that the Mortgage secured the Note and that Defendants defaulted on the Mortgage. (Ramer Aff. Exs. B, E, ECF No. 46-5). Therefore, Plaintiff has made out its prima facie case.

Because Plaintiff has made its prima facie showing, the burden shifts to Defendant to make an affirmative showing that a defense exists. *Gustavia Home, LLC v. Hoyer*, 802 F. Supp. 3d 445, 453 (E.D.N.Y. 2025). Defendants advance several arguments, which the Court considers each in turn.

*First*, Defendants argue that Plaintiff's foreclosure action is time-barred under the Foreclosure Abuse Prevention Act's ("FAPA").[4] (Milton Opp'n ¶¶ 21-22; Mitra Opp'n ¶¶ 21-

---

[4] Although Defendants did not raise the statute of limitations defense in their Answers, the Court has discretion to consider such a defense in deciding a motion for summary judgment. *See Lambrinos v. Exxon Mobil Corp.*, 349 F. App'x 613, 615 (2d Cir. 2009) (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). "Absent prejudice to the plaintiff, a defendant may raise an affirmative defense in a motion for summary judgment for the first time." *See Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005) (quotation omitted)). "In determining what constitutes 'prejudice,' the Second Circuit 'consider[s] whether the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *AP Links, LLC v. Glob. Golf, Inc.*, No. 08-CV-3602, 2010 WL 11629613, at *4 (E.D.N.Y. Oct. 4, 2010) (quoting *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000)).

22.) It is true that, as Defendants argue, the statute of limitations for a mortgage foreclosure action is six years. *E. Fork Funding LLC v. U.S. Bank, Nat'l Ass'n as Tr. for Greenpoint Mortg. Funding Tr. Mortg. Pass-Through Certificates, Series 2006-AR6*, 118 F.4th 488, 492 (2d Cir. 2024) (citing N.Y. C.P.L.R. 213(4)). "'For a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due.'" *Id.* at 492 (quoting *53rd St., LLC v. U.S. Bank, N.A.*, 8 F.4th 74, 78 (2d Cir. 2021)). "However, once a mortgage debt is accelerated—such as by commencement of a foreclosure action—'the entire amount is due and the Statute of Limitations begins to run on the entire debt.'" *Id.* (quoting *53rd St., LLC*, 8 F.4th at 78). Plaintiff filed its first foreclosure action on April 3, 2019. (*See* Compl., *Wilmington PT Corp. v. Mitra et al*, 1:19-cv-01904, ECF No. 1.) The instant action was filed on March 12, 2024. Thus, the instant action was brought within six years of Plaintiff's acceleration of Defendants' mortgage debt and, thus, is not time-barred.

*Second*, Defendants argue that Plaintiff's "unclean hands" should bar Plaintiff's relief. (Milton Opp'n ¶¶ 25-26; Mitra Opp'n ¶¶ 25-26.) The Court rejects this argument. Unclean hands is an affirmative defense that requires the asserting party to prove that "(1) the offending party is guilty of immoral, unconscionable conduct; (2) the conduct was relied upon by the asserting party and (3) the asserting party was injured as a result." *In re Cohen*, 422 B.R. 350, 381 (E.D.N.Y. 2010) (citing *Kopsidas v. Krokos,* 742 N.Y.S.2d 342, 344 (2002)). As an initial matter, some courts have recognized that "unclean hands [is] not a defense to a foreclosure action." *See Golden Bridge LLC v. 150-30 Ave Realty LLC*, No. 23-CV-09045, 2025 WL

---

Because Plaintiff would not be required to expend significant additional resources in responding to the affirmative defense, the defense's assertion would not delay resolution of the dispute, and Plaintiff here has had an opportunity to respond in its reply, the Court finds that Plaintiff would not be prejudiced by the Court's consideration of Defendants' statute of limitations defense, and so the Court considers Defendants' defense.

1548859, at *6 (E.D.N.Y. May 30, 2025). Assuming *arguendo* that unclean hands is a defense against a foreclosure action, Defendants do not offer any evidence in support of the defense's applicability. Instead, Defendants' reliance on wholly conclusory statements in their oppositions to the Plaintiff's motion for summary judgment dooms this defense. *Id*. (finding that unclean hands is unavailable as a defense where there was an absence of any evidence of wrongful conduct). This is especially so where Defendants only proffer conclusory arguments that Plaintiff's predecessor assignors, and notably not Plaintiff itself, engaged in any wrongdoing. *In re Cohen*, 422 B.R. 350, 381 (E.D.N.Y. 2010) ("The doctrine of unclean hands is 'never used unless the *plaintiff* is guilty of immoral, unconscionable conduct and even then only when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct.'" (quoting *Nat'l Distillers & Chem. Corp. v. Seyopp Corp.,* 17 N.Y.2d 12, 15-16) (emphasis added)).

*Finally*, Defendants generally argue that general "equitable considerations" that Mr. Milton is a "humble immigrant" warrant denying summary judgment to "allow the matter to be resolved on a full evidentiary record than by default." (Milton Opp'n ¶¶ 27-28; Mitra Opp'n ¶¶ 27-28.) While the Court is sympathetic to Mr. Milton being an immigrant, the Court finds Defendants' arguments are unpersuasive. In any event, the instant motion for summary judgment is resolved on a full evidentiary record and so Defendants' argument is unavailing as a reason to deny Plaintiff's motion for summary judgment.

**CONCLUSION**

For the aforementioned reasons, Plaintiff's motion for summary judgment is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge